UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY JAMES THOMAS,**

   **Plaintiff,**

v.               Case No: 6:18-cv-495-Orl-31GJK

**STATE OF FLORIDA, SECRETARY,
DEPARTMENT OF CORRECTIONS
and DEBRA S. NELSON,**

   **Defendants.**
_____/

**ORDER**

Plaintiff Larry James Thomas ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (b)   Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
>  (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2)   seeks monetary relief from a defendant who is immune from such relief.

Thus, the Court is obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that on March 30, 1997, he was convicted by a jury in state court case number 96-2456-CFA of six felony offenses and subsequently sentenced to a fifty-year term of imprisonment. (Doc. 1 at 9-10.) According to Plaintiff, the state court granted him a new trial on October 23, 2002. (*Id.* at 10.) Plaintiff complains that he was never retried or convicted, but Defendant Judge Debra S. Nelson "entered a fraudulent judgment and sentence" on November 6, 2002. (*Id.* at 11.) Plaintiff has filed various motions and petitions in the state courts and the federal courts regarding the matter. (*Id.* at 11-13.) Plaintiff asserts claims against Defendants for false imprisonment, malicious prosecution, fraud, and denial of access to courts. (*Id*. at 9.)

Plaintiff's claims are subject to dismissal for numerous reasons. First, Plaintiff has filed documents with his complaint indicating that he was not granted a new trial on all counts, but only as to count two, which the State chose to *nol pros*.[1] *See* Doc. Nos. 1-4 at 2-4; 1-5 at 2-9. The state court dismissed count two and entered a new judgment reflecting the deletion of that count. (*Id*.) Thus, Plaintiff's contention that he is being imprisoned without a trial is without merit.

---

[1] This Court previously noted this fact in denying Petitioner's habeas action. *See* Case No. 6:03-cv-1526-Orl-31KRS, Doc. 17 at 2, n.1.

The Supreme Court of the United States Supreme Court has held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted).

A judgment in favor of Plaintiff in this action would necessarily imply the invalidity of his convictions. Plaintiff seeks damages directly attributable to his convictions. Plaintiff has not demonstrated that his convictions or sentence has been invalidated; consequently, his claims for false imprisonment, malicious prosecution, and fraud are not cognizable under section 1983 and must be dismissed with prejudice.

Furthermore, even accepting the veracity of Plaintiff's allegations, Florida's four-year statute of limitations applies to a claim of deprivation of rights pursuant to 42 U.S.C. § 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The limitations period for a claim of false imprisonment begins to run on the date "legal process [is] initiated" against the individual. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). The time to file a claim for malicious prosecution runs from the date of termination of the criminal proceeding in favor of the plaintiff. *See Olson v. Johnson*, 961 So. 2d 356, 359-360 (Fla. 2nd DCA 2007) (the

right to maintain a suit for malicious prosecution arises upon termination of the prosecution favorably to the plaintiff). Pursuant to Plaintiff's allegations, his limitation period would have begun to run on his claims at the latest on November 6, 2002, when Defendant Nelson entered a new judgment. Therefore, his claims are time barred.

In addition, the Eleventh Amendment generally prohibits "federal courts from exercising subject matter jurisdiction over private party suits filed against a state or state officials." *Tennant v. Florida*, 111 F. Supp. 2d 1326, 1330 (S.D. Fla. 2000). The State of Florida has not waived its immunity from suit in federal courts. *See id.* (dismissing civil rights claim against the State of Florida based on the Eleventh Amendment); *see also McBrearty v. Koji*, 348 F. App'x 437, 440 (11th Cir. 2009) (applying Eleventh Amendment immunity to a Florida District Court of Appeal); *Zabriskie v. Court Admin.*, 172 F. App'x 906, 908–09 (11th Cir. 2006) (affirming dismissal of plaintiff's claims for monetary damages against Florida circuit court administrators and employees, finding that defendants were part of the state court system and therefore an arm of the state entitled to Eleventh Amendment immunity). Consequently, Plaintiff cannot proceed on a claim against the State of Florida because this Court lacks subject matter jurisdiction.

Likewise, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial

capacity unless they acted in the 'clear absence of all jurisdiction.' This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."). Thus, Defendant Debra S. Nelson is cloaked with immunity for her alleged improper activities associated with Plaintiff's criminal proceeding.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The Clerk of the Court is directed to enter judgment, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

OrlP-1
Larry James Thomas